# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CRESTVIEW BAPTIST CHURCH, INC., A Church Not for Profit Corporation Formed for Religious, Charitable, Benevolent and Educational Purposes,<br><br>      Plaintiff,<br><br>v.<br><br>1. BROTHERHOOD MUTUAL INSURANCE COMPANY, a foreign for-profit Insurance Corporation,<br><br>      Defendant. | Case No.: CIV-14-450-L |

## COMPLAINT

### A.  Parties

1. Plaintiff, Crestview Baptist Church, Inc., is a church not for profit corporation formed for religious, charitable, benevolent, and educational purposes, and incorporated and organized under the laws of the State of Oklahoma.

2. The Plaintiff Crestview Baptist Church, Inc., is an Oklahoma not for profit church corporation with its principal location at 7715 South Hiwassee Road, in Oklahoma City, Oklahoma.

3. Defendant, Brotherhood Mutual Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Indiana.

4. The principal place of business for Defendant, Brotherhood Mutual Insurance Company is Fort Wayne, Indiana.

5. The Defendant, Brotherhood Mutual Insurance Company is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

6. This action is not related to any other case filed in this court.

## B. Jurisdiction

7. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs

## C. Facts

8. At all times material hereto, the Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, was insured under the terms and conditions of a property insurance policy, policy number 35M0251722, issued by the Defendant, Brotherhood Mutual Insurance Company.

9. At all times material hereto, the Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, complied with the terms and conditions of its insurance

policy.

10.   On or about May 31, 2013, the Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, and its affiliated buildings and structures sustained damage as a result of hail.

11.   Hail is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

### D. Count I Breach of Contract

12.   Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13.   The property insurance policy No. 35M0251722, issued by Defendant, Brotherhood Mutual Insurance Company, was in effect on May 31, 2013.

14.   Subsequent to the May 31, 2013 hail storm, Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, timely submitted a claim to Defendant, Brotherhood Mutual Insurance Company, and provided a repair/replacement estimate to Defendant to which Defendant refused to issue policy payments to repair and/or replace Plaintiff's obviously hail damaged metal roofs. Defendant's refusal to pay for repair and/or replacement of obviously hail damaged roofing systems is a breach of Plaintiff's insurance policy issued by the Defendant, Brotherhood Mutual Insurance Company.

15.   The acts and omissions of Defendant, Brotherhood Mutual Insurance

Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, Brotherhood Mutual Insurance Company, breached its contract with Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing systems.

16. Defendant, Brotherhood Mutual Insurance Company, further breached its contract with Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, and acted in bad faith by treating Plaintiff's insurance policy as if it had a cosmetic endorsement reducing and/or excluding coverage for metal roofing systems dented by hail. Defendant, Brotherhood Mutual Insurance Company, could have issued an insurance policy to Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, with a cosmetic endorsement for a lower premium. Instead, Defendant, Brotherhood Mutual Insurance Company, unreasonably and in bad faith is treating Plaintiff's replacement cost policy as if it has said cosmetic endorsement when Defendant knows that Plaintiff's policy does not contain such an endorsement.

### E. Count II Bad Faith

17. Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, hereby

asserts, alleges and incorporates paragraphs 1-11 herein.

18.   The acts and omissions of the Defendant, Brotherhood Mutual Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19.   The property insurance policy No. 35M0251722, issued by Defendant, Brotherhood Mutual Insurance Company, was in effect on May 31, 2013.

20.   Subsequent to the May 31, 2013 hail storm, Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, timely submitted a claim to Defendant, Brotherhood Mutual Insurance Company, and provided a repair/replacement estimate to Defendant to which Defendant refused to issue policy payments to repair and/or replace Plaintiff's obviously hail damaged metal roofs. Defendant's refusal to pay for repair and/or replacement of obviously hail damaged roofing systems is a bad faith breach of Plaintiff's insurance policy issued by the Defendant, Brotherhood Mutual Insurance Company.

21.   Defendant, Brotherhood Mutual Insurance Company, breached its contract with Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, in bad faith by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing systems.

22.     Defendant, Brotherhood Mutual Insurance Company,  further breached its contract with Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, and acted in bad faith by treating Plaintiff's insurance policy as if it had a cosmetic endorsement reducing and/or excluding coverage for metal roofing systems dented by hail.  Defendant, Brotherhood Mutual Insurance Company, could have issued an insurance policy to Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, with a cosmetic endorsement for a lower premium.  Instead, Defendant, Brotherhood Mutual Insurance Company, unreasonably and in bad faith is treating Plaintiff's replacement cost policy as if it has said cosmetic endorsement when Defendant knows that Plaintiff's policy does not contain such an endorsement.

23.     Defendant's unreasonable and bad faith refusal to pay for the damage to Plaintiff's metal roof structures was unreasonable, outside of insurance company standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claims payments issued to Defendant, Brotherhood Mutual Insurance Company's insureds.

### F. Count III Punitive Damages

24.   Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, hereby asserts, alleges and incorporates paragraphs 1-23 herein.

25.   The unreasonable conduct of the Defendant, Brotherhood Mutual Insurance

Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, for which punitive damages are hereby sought.

## G. Demand for Jury Trial

26.  The Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, hereby requests that the matters set forth herein be determined by a jury of its peers.

## H. Prayer

27.  Having properly pled, the Plaintiff, Crestview Baptist Church, Inc., a not for profit corporation, hereby seeks contractual, bad faith and punitive damages against the Defendant, Brotherhood Mutual Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

        Respectfully submitted,

        S/ *Michael D. McGrew*
        Michael D. McGrew, OBA# 013167
        Michael D. McGrew & Associates, PC
        400 N. Walker, Suite 115
        Oklahoma City, Oklahoma 73102
        (405) 235-9909 Telephone
        (405) 235-9929 Facsimile
        mcgrewslaw@yahoo.com
        **ATTORNEYS FOR THE PLAINTIFF**